# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60677
Summary Calendar

JONAL JOSEPH,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 798 833

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonal Joseph, a native and citizen of Haiti, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision to deny his application for asylum, withholding of removal, or relief under the Convention Against Torture (CAT). Joseph sought immigration relief based on his alleged persecution by supporters of Jean Bertrand Aristide, the former president of Haiti. The IJ denied relief after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that Joseph was not a credible witness and had failed to provide corroborating evidence. The BIA upheld the IJ's adverse credibility determination and held that Joseph had failed to meet his burden of proving eligibility for immigration relief. Joseph challenges those negative credibility determinations. He contends that he demonstrated his eligibility for relief.

The BIA's finding that Joseph failed to provide the court with credible evidence in support of his claim for immigration relief is supported by substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). The inconsistencies listed by the BIA and IJ regarding Joseph's accounts of his persecution are supported by the record. Certainly, the evidence does not compel a conclusion that Joseph's testimony was credible. *See id.* at 538-39. Absent credible evidence to the contrary, the BIA's finding that Joseph failed to carry his burden of establishing his eligibility for asylum, withholding of deportation, or relief under the CAT, is supported by substantial evidence. *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994); *see also Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

Joseph's petition for review is DENIED.